**Ioan Vasile AVRAMESCU, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 02–72001.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided July 11, 2005.

Alexandru A. Cristea, Esq., Downey, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

ORDER and MEMORANDUM \*\*\*

The memorandum disposition filed on June 17, 2005, is withdrawn as filed in

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

error and replaced with the following memorandum disposition:

Ioan Vasile Avramescu, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a. We review for substantial evidence, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and we grant the petition and remand.

Substantial evidence does not support the IJ's decision that changed country conditions in Romania rebut the presumption of a well-founded fear of future persecution. The IJ, relying only on a State Department report, found that the "government no longer exists" and that "circumstances that existed in 1990 no longer exist." A "State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution." *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004). Rather, we require an individualized analysis to determine how changed country conditions will affect the specific petitioner's situation. *See Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir.2000) (stating that the decision of whether the presumption is rebutted requires an individualized analysis focusing on the specific harm suffered). "Information about general changes in the country is not sufficient." *See Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998) ("In the absence of any explanation as to how any change in conditions in the Philippines would serve to rebut [his] particular fear of future persecution, the presumption stands unrebutted."). Because the IJ's conclusory state-

ments do not constitute an individualized analysis, we grant the petition and remand it to the BIA to determine whether sufficient evidence of changed country conditions exists to rebut the presumption of well-founded fear. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED AND REMANDED.